**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 05-CR-20042 |
| ) | |
| **TERRANCE D. WASHINGTON,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION**

On March 13, 2008, Defendant, Terrance D. Washington, filed a pro se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#39). On March 14, 2008, this court appointed the Federal Defender's Office to represent Defendant. Federal Defender Staff Attorney William C. Zukosky became Defendant's appointed counsel. On January 20, 2009, this court granted defense counsel's Motion to Withdraw as Counsel (#52) following the Seventh Circuit's decision in United States v. Poole, 550 F.3d 676 (7th Cir. 2008), allowing Defendant to proceed pro se. On March 23, 2009, Defendant filed his Response (#56) to this court's Opinion (#55) granting the Motion to Withdraw. For the following reasons, Defendant's pro se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#39) is DENIED.

BACKGROUND

On January 12, 2006, Defendant pleaded guilty to one count of distribution of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 1) and to one count of

possession of 50 or more grams of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2 (Count 2).  Count 2 carried a statutory mandatory minimum penalty of 10 years in prison.  The Pre-Sentence Report (PSR), which this court adopted at sentencing on June 2, 2006, reported that Defendant was accountable for 52.8 grams of crack for a base offense level of 32.  Applying a 3-level downward adjustment for acceptance of responsibility and timely guilty plea, the PSR reported a total offense level of 29.  Defendant's criminal history category was III, leading to an initial guideline imprisonment range of 108 to 135 months.  However, the PSR reported that because the sentence must not be less than any statutorily required minimum sentence, the imprisonment range became 120 to 135 months pursuant to U.S.S.G. § 5G1.1(c)(2).  Defendant was ultimately sentenced to 96 months in the Federal Bureau of Prisons on both counts, to be served concurrently.  Defendant's sentence departed from the guidelines range upon the motion of the government as a result of Defendant's substantial assistance.

On March 13, 2008, Defendant filed his pro se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#39).  Defense counsel Zukosky was subsequently appointed.  Following the Seventh Circuit's decision in Poole, defense counsel filed his Motion to Withdraw as Counsel (#52).  In the Motion, defense counsel asserts that the reductions available under the amendments to the Sentencing Guidelines do not apply in Defendant's case because Defendant's sentence could not be less than any statutorily required minimum sentence.  Defense counsel notes that this view is supported by the Guidelines themselves and the Seventh Circuit in Poole.  On February 25, 2009, this court entered an Opinion (#55) granting the Motion to Withdraw and allowing Defendant to proceed

pro se. In the Opinion, the court found that because Defendant was sentenced based on a statutory mandatory minimum, the sentence was not based on the sentencing guidelines and thus Amendment 706 to the guidelines did not alter his sentencing range. Therefore, under Poole, this court lacked jurisdiction to revisit Defendant's sentence and a reduction in sentence would be otherwise inconsistent with U.S.S.G. § 1B1.10 and therefore not authorized under 18 U.S.C. § 3582(c)(2). The court allowed defense counsel to withdraw and let Defendant proceed pro se. The court gave Defendant 30 days from the date of the Opinion to file a pleading that: (a) conceded that the Amendment did not apply because he was sentenced based on a statutory mandatory minimum, or (b) explained why the Amendment applied in spite of the sentence being based on the statutory mandatory minimum.

Defendant filed his Response (#56) entitled "Motion for Relief Pursuant Rule 60(b) and 18 U.S.C. § 3582" on March 23, 2009. In his Response, Defendant argues that under the U.S. Supreme Court cases of Booker v. United States, 543 U.S. 220 (2005) and Kimbrough v. United States, 128 S.Ct. 558 (2007) this court can depart below the guidelines and give Defendant a new sentence. As regarding the fact that he was sentenced based on the statutory mandatory minimum, and not the crack cocaine sentencing guidelines, Defendant argues that "all guidelines are advisory and there are no guidelines, other than this court's discretion, when deciding where a 5K1 motion should rest."

## ANALYSIS

This court has carefully reviewed the record in this case and Defendant's Response. Following this careful review, this court agrees with Defendant's counsel that the Seventh Circuit's decision in Poole clearly applies to this case. This court therefore concludes that, based

on Poole, because Defendant was sentenced based on the applicable statutory mandatory minimum sentence, he cannot receive a reduction in his sentence based upon the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Pro Se Motion to Reduce Sentence (#39) is DENIED.

(2) Defendant has 10 days from the date of this order to file a Notice of Appeal with the clerk of this court.

ENTERED this 24th day of March, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE